# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TINA HIGH, ROCHELLE ROWLETTE, as Representative of the Estate of CARLOS DEONE HIGH, SR., DECEASED; CARLOS DEONE HIGH; JR.; and NATOSHIA HIGH, as next friend of minor R.H., | § § § § § § | CIVIL ACTION NO. _____ |
| Plaintiff, | § § | |
| v. | § § | |
| THE CITY OF GRAND PRAIRIE, TEXAS; STEVE DYE, Individually; and OFFICER DOES 1-10, Individually | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME Plaintiffs, Tina High, Rochelle Rowlette, as personal representative on behalf of the Estate of Carlos Deone High, Sr., deceased; Carlos Deone High, Jr., and Natoshia High, as next friend of minor R.H. (Collectively "Plaintiffs) complaining of Defendants, the City of Grand Prairie, Texas, Steve Dye, and Officer Does 1-10, individual their capacities, and for cause would show the Honorable Court as follows:

## I. NATURE OF THE ACTION

1. This is an action brought by the Plaintiffs against Defendants, the City of Grand Prairie, Texas for excessive and deadly force resulting in the unlawful shooting death of Carlos High, Sr.; Steve Dye, in his individual capacity for defamation, in their individual capacities for negligence, gross negligence, assault, intentional infliction of emotional distress, and Officer Does 1-10, (hereinafter "Officers") in their individual capacities for negligence, gross negligence, assault, intentional infliction of emotional distress, under the color of law, in violation of Carlos

High's individual rights under the Fourth and Fourteenth Amendments of the United States Constitution, and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

2.      Plaintiffs allege that the City of Grand Prairie, Texas ("City" or "Grand Prairie") and its policymaker, the Grand Prairie City Council and Mayor Ron Jensen ("Mayor") and Chief of Police Steve Dye ("Dye") implemented a use of force policy that is facially unconstitutional and failed to properly hire, train, supervise, screen, discipline, transfer, counsel or otherwise control officers who are known, or who should have been known, to engage in the use of excessive force and/or deadly force, including those officers repeatedly accused of such acts. The City Council, Mayor Jensen, and Chief Dye had a duty, but failed to implement and/or enforce policies, practices and procedures for the Grand Prairie Police Department (the "GPPD") that respected Carlos High Sr.'s constitutional rights to assistance and protection. Defendant City of Grand Prairie and the Grand Prairie City Council, Mayor Jensen, and Chief Dye's failure to adequately supervise, discipline, and train Defendant Officers or to implement the necessary policies, and the implementation of unconstitutional policies caused Carlos High, Sr. unwarranted and excruciating physical and mental anguish, and ultimately, death. Defendant Officers consciously disregarded the rights of Carlos High, Sr. knowing that the City Council, Mayor Jensen and Chief Dye would approve and/or ratify their actions. For these civil rights violations and other causes of action discussed herein, Plaintiffs seek answers and compensation for damages and the wrongful death of Carlos Deone High, Sr.

## II. PARTIES

3.      **Plaintiff Tina High**, wife of decedent Carlos High, Sr. is a citizen of the United States and a resident of Dallas County, Texas.  Tina High sues on behalf of herself.

4.      **Plaintiff Rochelle Rowlette**, is a citizen of the United States and a resident of

Dallas County, Texas. She sues as Personal Representative of the **Estate of Carlos Deone High, Sr.**

5. **Plaintiff Carlos High, Jr.**, is son of decedent Carlos High, Sr. and a resident of Dallas County Texas. Carlos High, Jr. sues on behalf of himself in his individual capacity.

6. **Plaintiff Natoshia High**, is mother of R.H., minor son of Carlos High, Sr. Natoshia High sues as next friend of minor R.H.

7. **Defendant Officer Does 1-10,** upon information and belief, are unidentified commissioned Grand Prairie Police officers involved in the shooting death of Carlos High, Sr. They shall be identified during discovery and subsequently cited and served to appear in this matter.

8. **Defendant Steve Dye** is former Chief of Grand Prairie Police, who is being sued in his individual capacity. He may be served at his place of employment Grand Prairie City Manager's Office, 300 West Main St., Grand Prairie, Texas 75050, or wherever he may be found.

9. **Defendant the City of Grand Prairie, Texas** is a municipality located in Dallas County, Texas. The City of Grand Prairie operates the Grand Prairie Police Department. The City of Grand Prairie funds and operates the GPPD which, along with the Grand Prairie City Council, the Grand Prairie City Manager, Steve Dye, and Police Chief, are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The GPPD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of Grand Prairie. The City of Grand Prairie has been served and appeared in this case.

### III. JURISDICTION AND VENUE

10. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this

action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to decedent Carlos High, Sr. by constitutional and statutory provisions.

11. Venue is proper in this court because the causes of action occurred within the Northern District of Texas.

## IV. FACTS

### A. Defendant Officers shoot and kill Carlos High, Sr.

12. Carlos High, Sr. was a married 38-year-old father of two and step-father. Carlos had a documented history of mental health issues.

13. The night before Carlos was killed, he was restless and could not sleep. He was in the midst of a mental breakdown. Carlos was scheduled for an appointment with his psychologist for treatment the next day at 2:30PM.

14. Upon information and belief, on April 23, 2018, at approximately 1:30 p.m., a concerned citizen spotted Carlos slumped over his steering wheel near the IKEA store located in Grand Prairie, Texas. The citizen contacted Grand Prairie Police for a welfare check on Carlos.

15. When Grand Prairie Police Officers approached Carlos, for his own safety and the safety of officers, Carlos immediately advised officers that he had a firearm in his vehicle. An officer engaged in conversation with Carlos.

16. He asked Carlos He requested that Carlos place his hands up. Carlos complied. Carlos repeatedly expressed that he was concerned for his safety because the officer had his hand on gun. Carlos kept pleading "I don't have my hand on your gun. Why do you have your hand on your gun?!" Carlos repeatedly stated "My hands are in the air. Why do you have your hand on your gun?"

17. An officer told Carlos that he was going to tase him and retrieve his gun from the vehicle. He told Carlos to put his hands on his head and he would tase him on the count of three. That officer began counting and fired his taser. Other officers fired their guns.

18. Carlos NEVER fired his gun.

19. At some point the initial shooting officers were removed and others were brought in. Despite Carlos having been fatally injured the next round of officers fired into Carlos' vehicle.

20. Defendant Officers fired a total of over **ONE HUNDRED** shots at Carlos High Sr.! Defendant Officers left so many bullet holes in Carlos' head that his family was unable to have an open casket at his funeral.



**B.  After Defendant Officers slaughtered Carlos High, Sr., the Grand Prairie Police Department launched a false smear campaign to justify their excessive deadly force.**

21. After Defendant Officers fired over one hundred shots at a man who posed no threat to them, Chief Steve Dye held a press conference. Chief Dye lied to the public in an effort to justify his officers' bad acts. Chief Dye falsely stated that Carlos High had fired his weapon at

officers, which left them with "no option" but to return fire because they were "in fear for their safety."

22.  This was a completely false statement. Chief Dye knew that this statement was false when it was made, because Officers' body cameras and dash cameras had captured the entire killing. To date, Defendant Grand Prairie still protects officers by refusing to release any audio or video footage of their unlawful killing, despite having been ordered to do so by the Texas Attorney General.

### C. This was not the first incident in which the city of Grand Prairie police killed a man in mental distress.

23.  Defendant City of Grand Prairie, through its police department, has track record of aggressive and violent, especially when handling citizens in mental distress. In 1996, Grand Prairie Police used excessive, unreasonable deadly force against a black male, Joe Lee Calloway, who was mentally ill. The white officer who killed Calloway was subsequently indicted for murder.

### D. 
In 2013 Defendant Grand Prairie, by ad through its police used excessive, unreasonable deadly force by shooting and killing an unarmed man, Jordan Hatcher, who was an ex-marine who suffered from PTSD.

### E. Officers used excessive force in violation of the Plaintiffs' clearly established constitutional rights.

24.  On the day that Carlos High was killed, Defendant Officers had no probable cause or reasonable suspicion to believe that Carlos was attempting to commit a crime. In fact, according to multiple witnesses and body cam video, when Defendant Officers fired the deadly shots at the occupied vehicle, none of the Officers were in immediate danger because Carlos had his hands above his head.

25.  In fact, another Officer was in the process of deploying non-lethal force when

Defendant Officers made the decision to fire multiple rounds into Carlos' vehicle. At no point did Carlos point or fire his gun at any officers. He was not actively resisting arrest or attempting to evade Defendant Officers when they fired multiple shots at him fatally shooting Carlos in the head numerous times for no lawful and justifiable reason.

26. Carlos posed no threat of immediate death or great bodily harm to Defendant Officers or any other person in the immediate area. There is no evidence that Defendant Officers or others reasonably feared for their lives when Defendant Officers fired the deadly shots.

27. Defendant Officers are liable to Plaintiffs under 42 U.S.C. § 1983 because they used excessive force against Carlos in violation of Carlos' Fourth Amendment Right. The force used by Defendant Officers was excessive, unreasonable, and unnecessary because:

    a. Carlos had his hands up and was and completely surrounded by armed officers;

    b. Defendant Officers shot Carlos an additional ONE HUNDRED times after the initial shot;

    c. Carlos never threatened Defendant Officers;

    d. Carlos's alleged refusal to cooperate did not justify deadly force;

    e. Carlos was incapacitated after the first round of shots;

    f. There was a sufficient number of officers on scene to subdue Carlos without deadly force before and after the taser was utilized;

    g. Defendant Officers used deadly force against Carlos while Carlos was incapacitated from the first round of shots and not combative;

    h. An Officer was in the process of employing non-deadly force on Carlos when Defendant Officers shot Carlos multiple times.

28. It would have been obvious to a reasonable officer that the conduct of Defendant Officers was excessive, unreasonable, unnecessary, and unlawful in the circumstances of this case.

29. The force used by Defendant Officers was objectively unreasonable under the circumstances, and Defendant Officers's actions violated clearly established constitutional rights to be free from unreasonable and excessive force.

30. 25. At all relevant times, Defendant Officers was acting under color of state law.

31. 26. This unreasonable, unnecessary, and excessive use of force proximately caused Carlos to suffer personal injury and, ultimately, caused his death.

**2. The City of Grand Prairie's unwritten policies also caused the violation of Plaintiffs' Fourth Amendment rights.**

27. The GPPD continually failed to train its officers adequately in the constitutional use of force, detaining and arresting citizens in mental distress, despite knowing of the need to do so. Even if the GPPD trained its officers in accordance with its own written policies on the use of force, such training was necessarily inadequate to instruct officers in the constitutional limits on force, because the policies themselves promote unconstitutional uses of non-deadly and deadly force. By training its officers—including Officers—to follow unconstitutional written use-of-force policies, the City of Grand Prairie failed to train Officers regarding deadly and non-deadly force in a manner that is consistent with what the Constitution permit. Officers's lack of training in the constitutional limits of the use of force caused him to use deadly force against Carlos when they posed no immediate threat of harm to officers or anyone else. In sum, the City of Grand Prairie's written policy and training failures caused Officers to use excessive deadly force that was unjustified by the circumstances, in violation of the Fourth Amendment rights of Carlos

—a moving force behind the constitutional injuries Carlos suffered.

37. The City of Grand Prairie has a longstanding record of not providing GPPD officers with adequate training and not preventing excessive force claims by Grand Prairie police officers.

## DAMAGES ALL DEFENDANTS
### COUNT VIII

1. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

2. Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff:

   a. Actual damages;

   b. Pain and suffering and mental anguish suffered by Carlos;

   c. Loss of quality of life;

   d. Where applicable, exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

   e. Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

   f. Prejudgment interest; and

   g. Post judgment interest.

3. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES
### COUNT IX

4. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

5. Additionally, and in the alternative, the conduct of Defendant Officers were done with malice.

6. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Carlos's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive

and exemplary damages are awarded against Defendant Officers in a sum which is within the jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

7. Plaintiff incorporate by reference paragraphs above as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and other applicable provisions or in equity. As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

8. Plaintiff reserves his rights to plead and prove the damages to which he is entitled to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

9. Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
**K. COLE LAW, PLLC**
2770 Main Street, Suite 186
Frisco, Texas 75033
(214) 702-2551 (phone)
kcole@kcolelaw.com
**ATTORNEY FOR PLAINTIFFS**